**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Coleman, et al., | No. CV-17-02570-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Tempe, et al., | |
| Defendants. | |

On September 13, 2019, the Court granted in part and denied in part Defendants' motion for summary judgment. (Doc. 110.) Nearly a year later, and without filing a motion, Defendants raised in their trial brief arguments that several of Plaintiffs' claims should be disposed of as a matter of law. Noting the procedural irregularity of seeking claim dismissal at this stage, but recognizing that subject-matter jurisdiction defects cannot be waived and can be raised at any time, the Court permitted Defendants to file a motion raising only subject-matter jurisdiction arguments. (Doc. 206.) Defendants' motion, which seeks not only dismissal of claims for lack of subject-matter jurisdiction but also other non-sanctioned reasons, is fully briefed. (Docs. 209, 211, 212.) Defendants' motion is granted in part and denied in part.

The Court begins by disposing of issues conceded by Plaintiffs. Plaintiffs do not dispute that dismissal of the Estate's familial association claim[1] and Calvin Hollins'

---

[1] In fact, Plaintiffs assert that they have not pled a familial association claim on behalf of the Estate.

duplicative wrongful death and excessive force claims is appropriate. Plaintiffs note without argument that they have agreed to dismiss Calvin Hollins' claim against Chief Moir. Plaintiffs also abandon their state-created-danger theory. Accordingly, the Court will dismiss these claims and foreclose Plaintiffs from arguing a state-created-danger theory at trial.

Moving on to disputed matters, Defendants argue that Sarah Coleman's claim for intentional infliction of emotional distress ("IIED") should be dismissed for lack of subject-matter jurisdiction. Defendants correctly assert that Ms. Coleman cannot recover for IIED stemming from the death of a family member because, in order to do so, "the plaintiff must allege she was present at the time of the extreme and outrageous conduct."[2] *McKee v. State*, 388 P.3d 14, 20 (Ariz. Ct. App. 2016) (citation omitted); *see also Sweet v. City of Mesa*, No. CV-17-00152-PHX-GMS, 2018 WL 2464111, at *6 n. 7 (D. Ariz. June 1, 2018). It is undisputed that Ms. Coleman was not present during the events that caused her son's death and that she does not allege separate extreme and outrageous conduct directed at her, personally, as the basis of her IIED claim. Defendants neglected to raise this argument at summary judgment, and because this argument goes to the merits of the IIED claim rather than the Court's subject-matter jurisdiction, it does not fall within the scope of the Court's order. However, it is obvious that an accurate IIED jury instruction would require the jury to find Ms. Coleman was present at the scene, an element absent here. Permitting this

---

[2] Plaintiffs argue that Ms. Coleman's physical presence at the scene is not required, relying on the Arizona Supreme Court holding in *Ford* that to make an IIED claim, a plaintiff need only show that (1) the conduct of the defendant was extreme and outrageous, (2) the defendant intended to cause emotional distress or recklessly disregarded the near certainty that such distress would result from his conduct, and (3) the plaintiff experienced severe emotional distress. *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (1987). Although these are indeed the elements for IIED, generally, Arizona requires the additional physical presence element when the claim arises not from conduct directed at the Plaintiff, personally, but from conduct directed at a family member and resulting in the family member's death. *McKee*, 388 P.3d at 20. The Court also is unpersuaded by Plaintiffs' argument that the physical presence requirement should not apply here because the Restatement includes a caveat that leaves "open the possibility of situations in which presence at the time may not be required." (Doc. 211 at 14 (quoting Restatement (Second) of Torts § 46(2) (1965)).) Plaintiffs have directed the Court to no caselaw, and the Court has found none, explaining when such an exception might apply. Even if the Court knew the nature of such an exception, Plaintiffs have not explained why the exception applies here.

claim to move forward would be a futile exercise, needlessly draining time and resources. The Court therefore will dismiss Ms. Coleman's claim for IIED.

Defendants next ask the Court to foreclose Plaintiff from raising a fitness-for-duty theory in counts 3 and 9, a negligent use-of-force theory in counts 3 and 9, and Calvin Hollins' familial association claim, all of which Defendants argue are new and previously undisclosed. These arguments do not implicate subject-matter jurisdiction. Nevertheless, because the Court agrees that Plaintiffs cannot inject new claims at this stage, recognizing that the parties have already expended the time and effort to brief the issues, and out of a desire to preserve trial resources, the Court will address these arguments.

First, insofar as Defendants argue that Plaintiffs should be foreclosed from raising a fitness-for-duty claim based on the Tempe Police Department's allowing of Lt. Ouimette to return to work prematurely, the Court already determined that Plaintiffs failed to raise such a claim in its September 13, 2019 order:

> Defendants move for summary judgment on what they call Plaintiffs' "Return to Work Claim," (Doc. 78 at 17). The Court has scoured Plaintiffs' amended complaint (Doc. 17) and the parties' joint proposed discovery plan (Doc. 20) but can find no such claim.

(Doc. 110 at 16 n. 12.) Plaintiffs may not raise such a claim at this juncture.

Next, the Court rejects Defendants arguments concerning Plaintiffs' negligent-use-of-force theory under counts 3 and 9. Plaintiffs may pursue the negligent-use-of-force theory as an alternative to their intentional-use-of-force theory, based on evidence that Lt. Ouimette ran with his gun unholstered and might have tripped, causing him to discharge his weapon. *See Ryan v. Napier*, 425 P.3d 230, 238 (Ariz. 2018) ("plaintiffs may plead a negligence claim as [an] alternate theor[y] if the evidence supports each theory. . . It is the jury's role [] to establish what occurred and then apply the correct legal theory to arrive at a verdict"); *Lewis v. Dirt Sports LLC*, 259 F. Supp. 1039, 1046 n. 5 (D. Ariz. 2017). The pleadings sufficiently put Defendants on notice that Plaintiffs intended to raise a negligent-use-of-force theory in counts 3 and 9. *See Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) (citation omitted) ("Pleadings need suffice only to put the opposing party on notice

of the claim."). In count 3, the complaint states that Lt. Ouimette breached his duty to exercise reasonable care—for which the City of Tempe is vicariously liable—when shooting Dalvin Hollins. (Doc. 17 at 18-20.) The words "negligent" and "negligently" appear repeatedly throughout the section. (*Id.*) Count 9, titled in bold "Arizona Law Claims for Negligence," also unequivocally asserts that Lt. Ouimette breached his duty of care—for which the City of Tempe is vicariously liable—when shooting Dalvin Hollins and the section incorporates the word "negligent" on several occasions. (*Id.* at 28-30.)

Defendants also seek to preclude Plaintiffs from bringing Calvin Hollins' familial association claim, arguing that it is inadequately pled. Although the relevant portion of Mr. Hollins' complaint could and should have been clearer, stating only "Plaintiffs and all statutory beneficiaries of Dalvin Hollins sustained damages, including pain and suffering, grief, [and] loss of love and affection" (Doc. 1-3 at 9), the Court overrules Defendants' objection because Defendants were otherwise on notice and have failed to show that retention of the claim will prejudice them. Indeed, Calvin Hollins made clear in the parties' Rule 26(f) report that he intended to bring a claim for the loss of companionship of his son:

> Plaintiff Calvin Hollins, as the father of Dalvin Hollins, had a relationship filled with love, affection, and companionship with his son. As a result of the acts and omissions on the part of Defendants which led to the untimely death of Dalvin Hollins, Plaintiff Calvin Hollins was deprived of said love, affection, relationship, companionship, and support derived from his relationship with his son.

(Doc. 20 at 4.) The Court also is unconvinced that allowing this claim to proceed would prejudice Defendants. Ms. Coleman's familial association claim is already going before the jury, and it is not apparent that including a familial association claim on Mr. Hollins' behalf will meaningfully broaden the issues. Defendants also have not argued that they would have done anything differently during discovery, or otherwise, if Mr. Hollins pled his familial association claim more clearly by listing the familial association claim independently, rather than as a damage derivative of the excessive force claim.

Finally, the Court denies Plaintiffs' request for sanctions because both parties are at fault for the current situation. Defendants' failure to raise these issues at summary

judgment has resulted, functionally, in a second round of expedited dispositive motions briefing less than two months before trial.  But Plaintiffs also should have voluntarily withdrawn the issues and claims that they now concede or abandon.  Moreover, at this stage the parties and the Court should not be left in suspense over what claims are at issue.  Better and earlier communication between the parties likely could have obviated the need for at least some of this last-minute briefing.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 209) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Estate's familial association claim, Ms. Coleman's IIED claim, and Calvin Hollins' wrongful death claim, excessive force claim, and claim against Chief Moir are **DISMISSED**.

2. Plaintiffs may not raise a state-created danger theory or a fitness-for-duty theory at trial.

3. Defendants' objections as to the negligent-use-of-force theory in counts 3 and 9 and Calvin Hollins' familial association claim are overruled.

4. Plaintiffs' request for sanctions is denied.

Dated this 16th day of October, 2020.

Douglas L. Rayes
United States District Judge