**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Coleman, | No. CV-17-02570-PHX-DLR |
| Plaintiff, | **AMENDED ORDER**[1] |
| v. | |
| City of Tempe, et al., | |
| Defendants. | |

Before the Court is Defendants' motion for reconsideration of the Court's April 27, 2021 order granting Plaintiffs' motion in limine to preclude the Walgreens evidence. (Docs. 257, 260, 261, 266.) The Court held oral argument on June 15, 2021 and denied Defendants' motion from the bench. The instant order serves to elucidate the Court's reasoning.

In their motion for reconsideration, Defendants assert that the Walgreens evidence should be presented to the jury because it is relevant and necessary to prove Defendants' state law presumption defenses under A.R.S. §§ 12-712 and 12-716. The Court will address the arguments as to each statutory defense, in turn.

**I. ARS § 12-716**

Even though Defendants may properly assert the defense at trial, § 12-716 does not provide a basis to present the Walgreens evidence to the jury. The provision reads, in

---
[1] The Court's Order (Doc. 269) issued June 21, 2021 is amended to correct the footnote on page 4.

relevant part:

> A. If the court finds by a preponderance of the evidence that a plaintiff is harmed while the plaintiff is . . . fleeing after having committed . . . a felony criminal act [,] the following presumptions apply to any civil liability action or claim:
>
> 1. A victim or peace officer is presumed to be acting reasonably if the victim or peace officer threatens to use or uses physical force or deadly physical force or a police tool product to either:
>
> (a) Protect himself or another person against another person's use or attempted use of physical force or deadly physical force.
>
> (b) Effect an arrest or prevent or assist in preventing a plaintiff's escape.

A.R.S. § 12-716. Subsection A directs the Court—alone—to determine whether a preponderance of the evidence shows that Lt. Ouimette harmed Dalvin Hollins while Mr. Hollins was fleeing after having committed a felony. At oral argument, the parties agreed that the Court should make this determination based on the summary judgment record. Looking to the summary judgment record, the Court found that a preponderance of the evidence shows that Lt. Ouimette harmed Mr. Hollins while Mr. Hollins was fleeing after having committed a felony—the Walgreens robbery.[2]

Based on the Court's finding pursuant to subsection A, the Court will instruct the jury at trial that Mr. Hollins committed a felony eighteen or nineteen minutes prior to when Lt. Ouimette used deadly force against him.[3] It then will be the jury's role to decide whether Lt. Ouimette used deadly force to (a) protect himself or another person against Mr. Hollins' use or attempted use of physical force or deadly physical force or (b) effect an arrest or prevent or assist in preventing Mr. Hollins' escape.[4] The facts of the Walgreens robbery are not relevant to this determination. Therefore, the Walgreens evidence cannot

---

[2] Pursuant to A.R.S § 13-1902, "a person commits robbery [a class four felony] if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property."

[3] The precise language of this jury instruction will be determined following the parties' submission of a proposed instruction. The parties shall submit their proposed instructions by no later than June 24, 2021.

[4] If the jury so finds, Lt. Ouimette is entitled to a presumption that he was acting reasonably when he used deadly force.

be presented to the jury on this basis. However, because Defendants seek to assert a defense under § 12-716, the parties shall submit proposed jury instructions as to the defense and related jury instructions by no later than June 24, 2021.

**II. A.R.S § 12-712**

Likewise, even though Defendants may properly assert the defense at trial, § 12-712 does not provide a basis to present the Walgreens evidence to the jury. The relevant provisions state,

> A. In any civil action, the finder of fact may find the defendant not liable if the defendant proves that . . . the decedent was . . . immediately fleeing from a felony criminal act and as a result of that act. . . or flight the . . . decedent was at least fifty per cent responsible for the accident or event that caused the . . . decedent's harm.
>
> B. In any civil action, the finder of fact may find the defendant not liable if the defendant proves that the defendant did not act intentionally and that the . . . decedent was . . .immediately fleeing from a misdemeanor criminal act and as a result of that act . . . or flight the . . . decedent was at least fifty per cent responsible for the accident or event that caused the . . . decedent's harm.

A.R.S. § 12-712.

As explained above, the Court made a finding of fact under § 12-716 that a preponderance of the evidence shows that Mr. Hollins committed a felony at Walgreens eighteen or nineteen minutes before Lt. Ouimette used deadly force against him. Facts found by the Court must be accepted by a jury as conclusive in civil cases. Fed. R. Evid. 201(f). Although Rule 201(f) pertains to judicially noticed facts, the principle applies equally here because jurors may not make factual findings under one statute that contradict the Court's findings by a preponderance of the evidence pursuant to another. Therefore, under § 12-716, the jurors must only decide whether Mr. Hollins' flight from a felony criminal act was *immediate* and, if so, whether as a result he was at least fifty per cent responsible for his death.[5] The Court will instruct the jury that Mr. Hollins committed a

---

[5] Whether Mr. Hollins was harmed during an immediate flight from a felony is a question of fact for the jury "and it is not suited to prescribed formulas, time lines, or a convenient checklist of factors." *State v Lucero*, 64 P.3d 191, 194 (Ariz. Ct. App. 2003).

- 3 -

felony at a particular time and location prior to his death, and Defendants may introduce evidence relevant to assessing the immediacy of Mr. Hollins' flight therefrom.[6] But the details of the felony itself, such as Mr. Hollins' use of a hand gesture to threaten Walgreens employees, are not relevant to assessing the immediacy of his flight and are unduly prejudicial. Therefore, the Walgreens evidence cannot be presented to the jury on this basis. However, because Defendants seek to assert a defense under § 12-712, the parties shall submit proposed jury instructions as to the defense and jury questions stemming from that defense by no later than June 24, 2021. Accordingly,

**IT IS ORDERED** that Defendants' motion for reconsideration (Doc. 257) is **DENIED.**

**IT IS FURTHER ORDERED** that the parties shall submit proposed jury instructions and questions related to the defenses under § 12-716 and § 12-712 by no later than June 24, 2021.

Dated this 24th day of June, 2021.

Douglas L. Rayes
United States District Judge

---

[6] The parties are directed to submit a proposed question for the jury no later than June 29, 2021 that addresses the immediacy of Hollins' flight and the consequence for their deliberations if they find that the flight was immediate or not.

- 4 -